UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12384-RWZ

JEANNE McMAHON-POWERS
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS, et al.,
Defendants.

MEMORANDUM AND ORDER

ZOBEL, D.J.

Plaintiff Jeanne McMahon-Powers, a resident of Brockton, initiated this action by filing a complaint that described harm caused to her and her family during several state proceedings initiated by the Commonwealth. See Docket No. 1.

Plaintiff was granted leave to proceed in forma pauperis and was granted additional time to show cause why this action should not be dismissed or in the alternative, file an amended complaint. See Docket No. 5. At that time, plaintiff's request for counsel was denied in light of the fact that her complaint failed to state a claim upon which relief may be granted.

Specifically, plaintiff was advised that her complaint failed to meet the pleading requirements of the Federal Rules of Civil Procedure. More importantly, she also was advised that this Court is without jurisdiction to review and reverse any of the state court judgments referenced in her complaint because the Rooker–Feldman doctrine precludes a litigant who was unsuccessful in state court from seeking reversal of that decision in federal court once the state court litigation is completed. See Coggeshall v.

Mass. Bd. of Reg'n of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

Now before the Court is plaintiff's five-page, single spaced response to the Court's show cause order.  See Docket No. 7.  Plaintiff's response is in the form of a letter, which plaintiff acknowledges cannot be "a poor me letter or a victimized letter, because to[o] many people have been so abused, by such a misleading, and terrible form of government that we do have now." Id. at p. 1.  Plaintiff again complains that her daughter was removed from her home by the Department of Social Services and her response to the show cause order simply provides additional statements that are as factually vague as the statements contained in her original complaint.  See Docket No. 7.  Plaintiff is also upset over the death of her son and she speculates that "[i]f Judge Nesi had never taken [plaintiff's] Daughter Kimberly out of [plaintiff's] Aunt's home in our home town[,] none of this would have happened." Id. at p. 2.  Plaintiff complains that Judge Nesi appointed a guardian ad litem during her first day in court on October 7, 2005. Id. at p. 4.   She again requests appointment of an attorney and explains that she "just want[s] to correct things and get [her] family back in order." Id. at p. 5.

After carefully reviewing plaintiff's response, I find that plaintiff has failed to demonstrate any reason why this action should not be dismissed.

## ORDER

ACCORDINGLY, in accordance with this Court's order dated February 20, 2013, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the within action be and it is hereby DISMISSED for the reasons stated above.

SO ORDERED.

 October 11, 2013                          /s/ Rya W. Zobel
DATE                                      RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE